**Berta Elizabeth MARTINEZ,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–71019.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2004.*

Decided April 6, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Noemi G. Ramirez, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sandra Wien Simon, Esq., Robert M. Loeb, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMAS, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM \*\*

Berta Elizabeth Martinez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming without opinion her appeal from an Immigration Judge's denial of her applications for asylum, withholding of removal, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny in part, and dismiss in part, the petition for review.

■ The denial of Martinez's asylum claim is supported by substantial evidence. Martinez's eight-hour detention by the Guatemalan military, and their threat that they would kill her if she did not stop organizing and demonstrating against them, does not constitute persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003).

■ Martinez's contention that she should be granted asylum for humanitarian reasons pursuant to *Matter of Chen*, 20 I & N Dec.16 (BIA 1989), fails because she cannot show that she has suffered "atrocious" forms of persecution. *See Gonzalez v. INS*, 82 F.3d 903, 910 (9th Cir.1996).

■ The fact that Martinez relocated to another city and experienced no problems there, as well as the dramatic changes in country conditions in Guatemala, support the conclusion that she failed to establish a well-founded fear of future persecution in Guatemala. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir. 2003).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

584

By failing to qualify for asylum, Martinez necessarily failed to satisfy the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

Martinez's contention that the BIA's summary affirmance process violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

We dismiss the petition for lack of jurisdiction to the extent it seeks review of the discretionary denial of voluntary departure. *See Beltran–Tirado v. INS,* 213 F.3d 1179, 1182 (9th Cir.2000).

PETITION FOR REVIEW DENIED in Part, and DISMISSED in Part.